ACCEPTED
15-24-00084-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/7/2025 1:12 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-24-00084-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/7/2025 1:12:30 PM
CHRISTOPHER A. PRINE
Clerk

THE STATE OF TEXAS, BY AND THROUGH THE
OFFICE OF THE ATTORNEY GENERAL,

*Appellant,*

v.

THE CITY OF SAN MARCOS; JANE HUGHSON, MAYOR OF SAN
MARCOS; MATTHEW MENDOZA, SAUL GONZALES, ALYSSA
GARZA, SHANE SCOTT, LORENZO GONZALEZ, AMANDA
RODRIGUEZ, MEMBERS OF THE CITY COUNCIL OF SAN MARCOS;
STEPHANIE REYES, CITY MANAGER OF SAN MARCOS; AND STAN
STANDRIDGE, CHIEF OF POLICE OF SAN MARCOS;
IN THEIR OFFICIAL CAPACITIES,

*Appellees.*

On Appeal from the 207th Judicial Court,
Hays County, Texas
Cause No. 24-0267

## APPELLEES' ORAL ARGUMENT EXHIBITS

Gabrielle C. Smith
State Bar No. 24093172
Jose E. de la Fuente
State Bar No. 00793605
James F. Parker
State Bar No. 24027591
Sydney P. Sadler
State Bar No. 24117905
**LLOYD GOSSELINK
ROCHELLE & TOWNSEND, P.C.**
816 Congress Ave., Suite 1900
Austin, Texas 78701
(512) 322-5800
(512) 472-0532 (Fax)

Barbara Quirk
State Bar No. 16436750
Samuel J. Aguirre
State Bar No. 00937520
**SAN MARCOS CITY
ATTORNEY'S OFFICE**
630 East Hopkins
San Marcos, TX 78666
(512) 393-8150
(512) 759-2846 (Fax)

**ATTORNEYS FOR APPELLEES**

# EXHIBITS

| Tab A | Ordinance No. 2022-101 (CR 181–84) |
|-------|-------------------------------------|
| Tab B | San Marcos Police Department Memorandum Regarding Misdemeanor Marijuana Enforcement (CR 251–53) |

Respectfully submitted,

**LLOYD GOSSELINK**
  **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:(512) 322-5800
Facsimile: (512) 472-0532

By:   */s/Gabrielle C. Smith*
        Jose E. de la Fuente
        State Bar No. 00793605
        jdelafuente@lglawfirm.com

        James F. Parker
        State Bar No. 24027591
        jparker@lglawfirm.com

        Gabrielle C. Smith
        State Bar No. 24093172
        gsmith@lglawfirm.com

        Sydney P. Sadler
        State Bar No. 24117905
        ssadler@lglawfirm.com

Barbara Quirk
Assistant City Attorney
State Bar No. 16436750
BQuirk@sanmarcostx.gov
Samuel J. Aguirre
City Attorney
State Bar No. 00937520
saguirre@sanmarcostx.gov

630 East Hopkins
San Marcos, TX 78666
Telephone:(512) 393-8150
Fax:        (512) 759-2846

**ATTORNEYS FOR APPELLEES**

3

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 7th day of February, 2025, a true and correct copy of the foregoing document has been served on counsel for all parties via electronic transmission:

_/s/Gabrielle C. Smith_
GABRIELLE C. SMITH

# TAB A

## CERTIFICATE OF RECORD

THE STATE OF TEXAS          §

COUNTY OF HAYS          §

I, Elizabeth Trevino, City Clerk for the City of San Marcos, Texas, in the performance of the functions of my office, hereby certify that the above and foregoing is a full, true and correct copy of the Ordinance 2022-101 of the City Council of the City of San Marcos adopted on December 6, 2022 as the same appears of record in my office in the City Hall, 630 E. Hopkins Street, San Marcos, Texas 78666, and that I am the lawful possessor and have legal custody of said record.

WITNESS MY HAND AND SEAL of the City of San Marcos, Texas, this the 21st day of June, 2024.

Elizabeth Trevino
City Clerk
City of San Marcos, Texas



ORDINANCE NO. 2022-101

AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF
SAN MARCOS, TEXAS, AMENDING ORDINANCE 2022-99
ADOPTED ON NOVEMBER 17, 2022, BY UPDATING
INFORMATION REGARDING THE NUMBER OF VOTES
CAST IN THE NOVEMBER 8, 2022 GENERAL AND SPECIAL
ELECTION FOR THE PURPOSE OF ELECTING A MAYOR,
CITY COUNCIL MEMBER, PLACE 1, AND CITY COUNCIL
MEMBER, PLACE 2, AND TO SUBMIT A CITIZEN-
INITIATED ORDINANCE TO ELIMATE LOW-LEVEL
MARIJUANA ENFORCEMENT TO THE VOTERS;
DECLARING AN EMERGENCY CREATING THE NEED TO
ADOPT THIS ORDINANCE WITH ONLY ONE READING;
AND PROVIDING AN EFFECTIVE DATE.

**RECITALS:**

1.      On November 8, 2022 a general and special election was held for the purpose of electing a Mayor, City Council Member, Place One and City Council Member, Place Two and to submit a citizen-initiated ordinance to elimate low-level marijuana enforcement to the voters.

2.      The City Council of the City of San Marcos, Texas convened on November 17, 2022  to consider the returns of the runoff election held on November 8, 2022 with the following members present: Mayor Jane Hughson, Council Members Maxfield Baker, Saul Gonzales, Alyssa Garza, Shane Scott, Mark Gleason and Jude Prather.

3.      Subsequent to adoption of Ordinance No. 2022-99, the city received updated information regarding the votes cast in said election on provisionsal ballots and this amending ordinance is necessary only to revise the official record of the number of votes cast for each candidate and the number votes cast for or  against Proposition A in said election.

4.      The revised vote totals reflected in this ordinance do not change the outcome of the City of San Marcos general election or  special election held on November 8, 2022.

        BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF SAN MARCOS, TEXAS:

        PART 1.   Sections 2 and 3 and Exhibit "A" of Ordinance No. 2022-99 are hereby amended as follows (added information is underlined; deleted information is shown with strikethroughs)

        SECTION 2.  The updated tabulation of votes cast in the general and special election held on November 8, 2022, for the purposes stated in Recital 1 above, a copy of which is attached to

1

and made a part of this ordinance as Exhibit "A," is adopted as the official tabulation of the votes cast at the election, and the tabulation will be filed and recorded in the official records of the City of San Marcos as the official canvass of the election in place of the tabulation that was attached to Ordinance No. 2022-99.

SECTION 3. The updated official canvass of the returns of the election reflects the following:

A.    For Mayor:

Jane Hughson          ~~11,101~~ 11,199
John Thomaides        ~~6,587~~ 6,643

B.    For City Council Member, Place One:

Matthew Mendoza       ~~8,866~~ 8,942
Maxfield Baker        ~~8,160~~ 8,239

C.    For City Council Member, Place Two:

Saul Gonzales         ~~12,212~~ 12,319
Atom Von Arndt        ~~4,013~~ 4,053

D. The following votes were cast for and against the following proposition:

PROPOSITION - A

An ordinance to eliminate low-level marijuana enforcement.

FOR:       ~~15,664~~ 15,808

AGAINST:   ~~3,475~~ 3,502

PART 2. The importance of this ordinance creates an emergency and an imperative public necessity, and the provisions of the city charter requiring that ordinances be presented at two separate meetings be waived and, this ordinance will take effect immediately upon adoption.

CONSIDERED, APPROVED, AND ADOPTED on December 6, 2022.

2

Jane Hughson
Mayor


Attest:

Elizabeth Trevino
City Clerk

Approved:

Michael J. Cosentino
City Attorney

# TAB B



**San Marcos Police Department**
Stan Standridge | Chief of Police

Bob Klett
Assistant Chief | Administration

Brandon Winkenwerder
Assistant Chief | Operations

**MEMORANDUM REGARDING MISDEMEANOR MARIJUANA ENFORCEMENT**

**Purpose**

This memorandum provides guidance to police employees regarding the voter-approved ordinance regarding marijuana enforcement that became effective on November 17, 2022.

**Ordinance**

The ordinance provides, in pertinent part, as follows:

AN ORDINANCE TO ELIMINATE LOW-LEVEL MARIJUANA ENFORCEMENT

Part 1. Chapter 54, Article 4 of the City Code is hereby created, to be titled "Marijuana Enforcement" and to read as follows:

ARTICLE 4. - MARIJUANA ENFORCEMENT

Sec. 54.101. - Ending citations and arrests for misdemeanor possession of marijuana.

(a) San Marcos police officers shall not issue citations or make arrests for Class A or Class B misdemeanor possession of marijuana offenses, except in the limited circumstances described in (b).

(b) The only circumstances in which San Marcos police officers are permitted to issue citations or make arrests for Class A or Class B misdemeanor possession of marijuana are when such citations or arrests are part of (1) the investigation of a felony level narcotics case that has been designated as a high priority investigation by a San Marcos police commander, assistant chief of police, or chief of police; and/or (2) the investigation of a violent felony.

(c) In every instance other than those described in (b), if a San Marcos police officer has probable cause to believe that a substance is marijuana, an officer may seize the marijuana. If the officer seizes the marijuana, they must write a detailed report and release the individual if possession of marijuana is the sole charge.

(d) San Marcos police officers shall not issue any charge for possession of marijuana unless it meets one or both of the factors described in (b).

Section 54.102. - Citations for possession of drug residue or drug paraphernalia shall not be issued in lieu of a possession of marijuana charge.

(a) A class C misdemeanor citation for possession of drug residue or drug paraphernalia shall not be issued in lieu of a possession of marijuana charge.

Section 54.103. - Prohibition against using City funds or personnel to conduct THC concentration testing.

(a) No City funds or personnel shall be used to request, conduct, or obtain tetrahydrocannabinol (THC) testing of any cannabis-related substance to determine whether the substance meets the legal definition of marijuana under state law, except in the limited circumstances of a police investigation pursuant to § 54.101(b).

(b) This prohibition shall not limit the ability of San Marcos police to conduct toxicology testing to ensure public safety, nor shall it limit THC testing for the purpose of any violent felony charge.

Section 54.104. - Prohibition against City police using the odor of marijuana or hemp as probable cause for search or seizure.

(a) San Marcos police shall not consider the odor of marijuana or hemp to constitute probable cause for any search or seizure, except in the limited circumstances of a police investigation pursuant to § 54.101(b).

**Procedures**

**Age**: The ordinance does not discriminate based on age, so it presumably exempts juveniles found to be in possession of marijuana.  However, if any person were to be found in possession of marijuana on a public or private primary or secondary school and knowingly delivers marijuana to a child (under 18 years of age) for remuneration, then he has committed the offense of Sec. 481.122, Offense: Delivery of Controlled Substance or Marijuana to Child.  Such an offense is a felony of the second degree, if the marijuana was in an amount equal to or greater than one-fourth ounce.  An investigation and enforcement may be warranted, depending on the totality of circumstances.

**Drug free zones**: A drug free zone is an area designated by federal or state law that allows for the enhancement of a crime, if it is shown at the punishment phase of the trial that the offense was committed.  Drug free zones are characterized as within 1,000 feet of schools; a school bus; premises owned, rented or leased by an institution of higher education; the premises of a public or private youth center, or a playground (Health and Safety Code, 481.134).  Officers should be mindful that misdemeanor marijuana possession offenses escalate to a higher-level offense if they occur within a drug free zone.  For example, possession of marijuana in a quantity of two ounces or less within a drug free zone becomes a Class A misdemeanor. Possession of marijuana in any quantity of more than two ounces in a drug free zone is a felony offense. If officers are investigating an offense that would otherwise be a misdemeanor possession of marijuana offense, except for the fact that the offense is occurring in a drug free zone, then they shall consider the totality of the circumstances and whether the offense is now classified as a felony.  If the totality of circumstances warrant, felony investigations may result in an arrest.

**Odor**: Texas law has long considered the odor of marijuana sufficient to constitute probable cause to a search a person. However, with recent State law changes related to hemp and medical marijuana, odor alone is problematic. If officers are not aware of the presence of marijuana or hemp and a police canine alerts on the vehicle, a search subsequent to the air sniff may still be conducted. If a misdemeanor amount of marijuana is solely discovered, the voter-approved ordinance would not permit officers to issue citations or make arrests. If, however, other felony contraband is discovered, the ordinance allows officers to enforce the marijuana possession by either issuing a citation or making an arrest.

If officers are investigating a probable felony level narcotics case, or a violent felony, the odor of marijuana can constitute probable cause as articulated in the ordinance. The ordinance also requires that the felony level narcotics case be designated a high priority investigation. This memorandum characterizes all Penalty Group 1, 2 or 3 narcotics investigations as high priority, as possession of these substances may cause serious bodily injury or death when abused.

The ordinance does not prohibit consensual searches.

**Destruction of marijuana**: The ordinance allows for the seizing of marijuana (54.101 (c)), provided the officer writes a detailed report and releases the individual. A detailed report may include a thorough CAD entry with case number and name, DOB, and address of the involved party. Amounts of marijuana less than 1 ounce can still be destroyed in the field, provided body-worn or dashcam systems are used to record the destruction. Otherwise, marijuana in amounts greater than or equal to 1 ounce should be booked into Property and Evidence for destruction.

**Discipline**: The ordinance states, "Any violation of this chapter (ordinance) may subject a San Marcos police officer to discipline as provided by the Texas Local Government Code or as provided in City policy." The disciplinary processes of the Police Department are codified in Articles 13 and 16 of the *Meet and Confer Agreement between the San Marcos Police Officers' Association and the City of San Marcos*. Additionally, SMPD General Order 107 governs administrative investigations related to allegations of misconduct. These established provisions shall continue to guide the Department's disciplinary process.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Gabrielle Smith
Bar No. 24093172
cdaniels@lglawfirm.com
Envelope ID: 97121351
Filing Code Description: Exhibit
Filing Description: San Marcos Appellees' Oral Argument Exhibits
Status as of 2/7/2025 1:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose De La Fuente | 793605 | jdelafuente@lglawfirm.com | 2/7/2025 1:12:30 PM | SENT |
| James Parker | 24027591 | jparker@lglawfirm.com | 2/7/2025 1:12:30 PM | SENT |
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 2/7/2025 1:12:30 PM | SENT |
| Gabrielle Smith | 24093172 | gsmith@lglawfirm.com | 2/7/2025 1:12:30 PM | SENT |
| Barbara Quirk | 16436750 | bquirk@sanmarcostx.gov | 2/7/2025 1:12:30 PM | SENT |
| Sydney Sadler | 24117905 | ssadler@lglawfirm.com | 2/7/2025 1:12:30 PM | SENT |
| Jacob Przada | 24125371 | przadaj@utexas.edu | 2/7/2025 1:12:30 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 2/7/2025 1:12:30 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 2/7/2025 1:12:30 PM | SENT |